Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. Plaintiff was born 30 March 1945. At the time of the alleged injury giving rise to this claim, plaintiff was employed by defendant-employer installing feed equipment for hog houses and as a laborer.
2. Plaintiff testified that on 16 November 1990, he was unloading steel panels with three other workers when he encountered debris in the aisleway of a hog house. As a result, plaintiff testified that he stopped, but that the other laborers kept on pushing. As a result, plaintiff testified that he twisted his back and felt a funny sensation in his back. After this incident, plaintiff testified that he continued to work.
3. Subsequently, the following Monday, 19 November 1990, plaintiff testified that he went to Back Swamp, North Carolina, with a portable generator. Plaintiff testified that when he lifted the generator, he felt a real sharp pain in his back.
4. The undersigned, however, does not accept plaintiff's testimony as credible, based on plaintiff's testimony and demeanor and the testimony of other witnesses.
5. Since plaintiff's testimony is not credible, plaintiff did not prove that any injury to his back on 16 November 1990 or 19 November 1990 resulted from a specific traumatic incident of the work assigned, or from an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. On 16 November 1990, or 19 November 1990, plaintiff did not sustain an injury to his back either as the direct result of a specific traumatic incident of the work assigned, or from an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences; therefore, any injury to plaintiff's back on 16 November 1990 or 19 November 1990 did not result from a specific traumatic incident of the work assigned, or from an accident arising out of and in the course of plaintiff's employment with defendant-employer. G.S. § 97-2(6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. G.S. § 97-2(6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ _____________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _____________________ JAMES J. BOOKER COMMISSIONER
S/ _____________________ THOMAS J. BOLCH COMMISSIONER
CMV/CNP/tmd 12/20/94